## In re JOINT EASTERN AND SOUTHERN DISTRICTS ASBESTOS LITIGATION.

## In re KEENE CORPORATION.

### KEENE CORPORATION, Plaintiff,

### v.

### Joseph FIORELLI, Victor Dacey, Leonard Saks, Michael Moe, X Corporation, Z Corporation, and all others similarly situated, Defendants.

#### No. CV 93–2129.

United States District Court, E.D. and S.D. New York.

Nov. 22, 1993.

Weitz & Luxenberg, New York City by Perry Weitz, for present claimants.

Levy, Phillips & Konigsberg, New York City by Stanley J. Levy, for judgment creditors.

Edward T. Dangel, III, Law Offices of Edward T. Dangel, III, Boston, MA, for property damage claimants.

Carter, Ledyard & Milburn, New York City by James W. Rayhill, for third-party Mfrs.

Prof. Sherman Cohn, Washington, DC, for future claimants.

Beatie, King & Abate, New York City by Russell Beatie, for Keene Corp.

David I. Shapiro, special master, Dickstein, Shapiro & Morin, Washington, DC by David I. Shapiro, Thomas W. Mack.

### MEMORANDUM AND ORDER

WEINSTEIN, Senior District Judge.

The parties have reported settlement of this case. *See* Letter from James W. Rayhill (Nov. 19, 1993) (attached).

The Clerk of the Court is requested to send this memorandum and order to the Honorable Charles R. Weiner, United States District Judge, Eastern District of Pennsylvania. *See Keene Corp. v. Joseph Fiorelli, et al.,* MDL–875 (J.P.M.L. Oct. 1, 1993) (transfer order).

The matter is before the Second Circuit. The Clerk of the Court is directed to send a copy to the Clerk of the Court of the Second Circuit. *See* Court of Appeals for the Second Circuit Docket Nos. 93–7712, 93–7740, 93–7742, 93–7744, 93–7746, 93–7774, 93–7782 & 93–7784.

SO ORDERED.

### APPENDIX

CARTER, LEDYARD & MILBURN

COUNSELLORS AT LAW

2 WALL STREET

NEW YORK, N.Y. 10005

November 19, 1993

Hon. Jack B. Weinstein

United States District Court

United States Courthouse

Room 651

225 Cadman Plaza East

Brooklyn, New York 11201

Re: Keene Corporation TERM SHEET
Keene v. Fiorelli, et al.
93 Civ. 2129 (S. & E.D.N.Y.) (JBW)

Dear Judge Weinstein:

Attached please find a five page TERM SHEET, together with individual signature pages by all parties and Schedules A and B to the TERM SHEET.

It has been a long struggle, but I am delighted we have finally gotten there. All parties are deeply grateful for your and the Special Master's assistance.

Respectfully,
(s) James W. Rayhill
James W. Rayhill

### TERM SHEET

After lengthy negotiations, exchange of proposals and modifications, and various conversations with the Court and the Special Master, the parties have agreed that this Term Sheet sets forth the principles the parties have agreed will form the basis for a definitive settlement agreement.

1. Keene will execute any documents necessary to assign to the *Fiorelli* claimants any and all interest and rights Keene may have against the defendants named in the law suit of *Huffman, et al. v. Bairnco Corporation, et al.* so that the claims raised in that case can be resolved in that case.

2. Keene will retain full ownership of its sole operating subsidiary Reinhold Industries, Inc.

3. All other assets of Keene Corporation except those listed on the attached schedule, including cash, cash equivalents and contingent claims held by Keene, will be transferred to the asbestos claimants or to some entity to be established on behalf of the asbestos claimants ("The Entity"), with the exception of the contingent assets set forth in paragraphs 4 and 5, *infra*, which will be apportioned as indicated.

4. The contingent assets will be divided as follows:

(a) Once at least $7.5 million in insurance proceeds that Keene expects to obtain

within 90 days is received, the first $2,950,000 will go to Keene; the next $6,550,000 will go to the entity. Any additional insurance recoveries, other than referred to in 4(b) and 4(c), *infra*, which exceed $9.5 million will be divided 90% to the claimants and 10% to Keene (Keene believes, but cannot guarantee, that these claims will result in $9.5 million);

(b) Of the contingent insurance claims known as Keene IV, the Entity will receive 90 percent and Keene will receive 10 percent (Keene believes but cannot guarantee, that this claim will result in $10 to $19 million);

(c) From Keene's prosecution of a lawsuit against the Pennsylvania Insurance Guaranty Association and from any other recovery from any other insurance guarantee fund, the entity will receive 80% and Keene 20%.

5. With regard to any Tax Net Operating Loss (NOL) carry back refunds to be sought by Keene:

(a) The first $18 million of any such refunds received by Keene will belong to Keene, and any refunds received by Keene in excess of $18 million will be divided equally between the Entity and Keene;

(b) Keene will pay by December 31, 1993, subject to order of the United States District Court for the Eastern District of New York, all outstanding judgments no longer subject to any appellate review.

(c) Keene will provide class counsel and the Entity with monthly P & L statements, certified annual reports and copies of all documents filed with or received from the IRS relating to income taxes or the NOL refunds and copies of all communications received by or sent to Bairnco relating to the NOL and the NOL refund claim.

(d) All Keene's expenses incurred in collecting the NOL tax refund shall be paid by Keene.

6. Keene will retain all of its liabilities. If there is any specific item Keene believes should be assumed by the Entity, claimants will evaluate the specific request if Keene provides specific information, justification, and supporting documentation.

7. Attached to this Term Sheet and made a part of it is a balance sheet for Keene Corporation for the period ending October 31, 1993, which Keene represents is accurate. Keene represents that as of the date of this Term Sheet, no material change in the balance sheet has occurred since October 31, 1993.

8. On an ongoing basis until the assets are transferred to the entity, Keene will provide class counsel with an unaudited balance sheet and a P & L statement within 10 business days after the close of each fiscal month. All counsel recognize that the financial statements for the year-end close will not be final, will be subject to audited year-end figures, may be accompanied by any disclaimers deemed necessary by Keene, and will be subject to audited financial statements to be available later.

9. Assuming the conditions are met and a definitive agreement is executed by the parties, the parties will jointly request the Court to approve class notice, hold fairness hearings, approve the settlement, and enter an order permanently enjoining the filing and naming of Keene in any future asbestos-related litigation and channeling all existing and all future lawsuits and claims that might have been filed against Keene to the Entity.

10. The parties will promptly and jointly request the Court in the *Huffman* case to set a specific date for the trial of that case.

11. The parties have discussed the dismissal of Keene's officers and directors from the *Huffman* case (Eugene Cafiero, Martin S. Sellinger, P. Roger Byer, David A. Conway, Mark Kaufman, Gerald F. Mahoney, Howard A. Mileaf, Eugene R. Anderson, Joseph J. Bokan, Gordon D. Olsen, and Frederick Harvey) to reduce the drain caused by litigation-related expenses. Subclass counsel have taken this issue under advisement and will respond promptly after they have had an opportunity to investigate the facts.

12. Pending final judicial approval of a definitive settlement agreement, the parties agree that the order dated July 1, 1993 con-

tinues in effect and that no assets identified above, except as provided in paragraph 5(b), will be transferred pursuant to this Term Sheet, and Keene will bear the cost of prosecuting all contingent claims. Thereafter, except as otherwise previously indicated, the cost of the insurance litigation will be advanced by Keene which will be reimbursed from any recovery or recoveries in those matters.

13. The U.S. District Court for the Eastern District of New York will have continuing jurisdiction over all parties to assure that the terms and conditions of the definitive settlement agreement are met.

14. This Term Sheet and any definitive settlement agreement is subject to the approval of the U.S. District Court for the Eastern District of New York. This Term Sheet may be executed in duplicate counterpart.

Dated: November 19, 1993

(s) Russel H. Beatie, Jr.
Russel H. Beatie, Jr., Esq.
Counsel for Keene Corporation

(s) Stuart E. Rickerson
Stuart E. Rickerson, Esq.
Vice President and
General Counsel
Keene Corporation

(s) Stanley J. Levy
Stanley J. Levy, Esq.
Counsel for the Subclass of
Verdict and Judgment Holders

(s) Perry Weitz
Perry Weitz, Esq.
Counsel for the Subclass of
Present Asbestos Personal
Injury Claimants

(s) James W. Rayhill
James W. Rayhill, Esq.
Counsel for the Subclass of
Co–Defendants

(s) S.H. Cohn
Professor Sherman L. Cohn, Esq.
Counsel for the Subclass of
Future Claimants

(s) Edward T. Dangel
Edward T. Dangel, II, Esq.
Counsel for the Subclass of
Property Claimants

---

## SCHEDULE A TO TERM SHEET (SECTION 3)

Keene Corporation
Non–Liquid Assets
(000's)

| | 10/31/93 |
|---|---|
| Total prepaid expenses [1] | $297 |
| Total deferred charges and other assets [2] | $303 |
| Net property and equipment [3] | $169 |
| Grand Total | $769 |

[1] Includes expenses Keene has been required to prepay, e.g. insurance, rent and employee benefits.
[2] Includes a note receivable and the minimum pension asset required to be recorded under FASB.
[3] Includes all furniture and fixtures, leasehold improvements, and computer equipment.

## KEENE CORPORATION
## BALANCE SHEET
## OCTOBER 31, 1993
## (IN 000'S)

Schedule B to
Term Sheet
(section 7)

### ASSETS

### CURRENT ASSETS

| | |
|---|---|
| Cash | $226 |
| Cash Equivalents | 5,736 |
| Marketable Securities | 78,794 |
| Total Cash and Investments | 84,756 |

| | |
|---|---|
| Accounts Receivable—Insurance Proceeds | 15,000 [1] |
| Income Taxes Receivable | 1,926 [2] |
| Accrued Investment Income Receivable | 1,186 |
| Prepaid Expenses | 227 [3] |
| TOTAL CURRENT ASSETS | 108,184 |
| Gross Fixed Assets | 596 |
| Accumulated Depreciation | (427) |
| NET FIXED ASSETS | 186 [3] |
| Net Assets of Operation to be Sold | 8,864 [4] |
| Deferred Charges and Other Assets | 308 [3] |
| TOTAL. ASSETS | $112,200 |

**LIABILITIES & NET WORTH**

**CURRENT LIABILITIES**

| | |
|---|---|
| Accounts Payable —Trade | $298 |
| —Other | 184 |
| TOTAL ACCOUNTS PAYABLE | 479 |
| Accrued Income Taxes Payable | 3,494 |
| Asbestos Litigation Reserve | 45,588 |
| Accrued Expenses | 2,500 |
| TOTAL CURRENT LIABILITIES | 52,058 |
| Other Liabilities | 2,082 |
| NET WORTH | |
| TOTAL LIABILITIES & NET WORTH | $112,880 |

[1] Subject to section 4.b of Term Sheet
[2] Subject to section 5 of Term Sheet
[3] Subject to Schedule A (section 3 of Term Sheet)
[4] Subject to section 2 of Term Sheet